Case number 16-7029. Donna Marie Coburn on behalf of herself and all other similarly situated appellate v. Evercore Trust Company, N.A. Mr. Overs for the appellant. Mr. Hacker for the appellee. Good morning, Mr. Overs. Good morning, Your Honors. May it please the Court, I'm Peter Overs of Harwood Pfeffer, counsel for plaintiff appellant. This appeal concerns whether special circumstances affecting the reliability of the market price of company stock are always required to be pled when claiming a breach of fiduciary duty under ERISA based on public information alone. Plaintiff appellant argues no such requirement applies where the efficiency of the market is not alleged to be at issue. Other circuit courts applying Fifth Third v. Dudenhofer have held that known risks to company stock do not comprise special circumstances. This is not surprising. Dudenhofer itself contains repeated statements that special circumstances... Counsel, can you do us a favor and talk to us? Don't read. Okay. Seriously. That's why we have that rule. It's very distracting and we're not hearing you and we'd rather engage with you. Okay. Well, as I said in the beginning, I think it really comes down to whether when a case involves allegations that do not go to the efficiency of the market, such as inflation of the stock price, whether special circumstances need to be pled. But I think the short discussion in Dudenhofer that they have on this point, every single time the Supreme Court mentions special circumstances or this concept, it's always tied to some concept of market inefficiency or price inflation. That's not what we're arguing here. We specifically did not include any dramatic stock drop, although it is mentioned in the complaint that just prior to the class period, there was a huge stock drop that was worse than Black Monday for the stock. But prior to that, the price of the stock had been in steady decline and the company had been not performing up to its peers. So the district court had an alternative ruling, didn't it? Yeah. Its ruling was that regardless of special circumstances, that you still had to plead that the company was, quote, no longer viable in the industry. We believe that given Dudenhofer's teaching that dire circumstances aren't needed to be pled anymore, that that's incorrect. Do you think you could have brought under Tibble a continuing duty to monitor? I don't know that we have statute of limitations problems here. We certainly could if we needed to reach back further. You did. I'm sorry? You did. You did plead a duty to maintain. Well, it was more, to be honest, more rhetoric than anything else to highlight the fact that you can. Are you serious? No, I'm really perplexed. Well, no. The complaint clearly includes a Tibble cause of action. Well, I don't know. No way. I need to understand this because now I'm really confused. It clearly includes it. The district court responded to it and rejected it, and you're saying, well, it was just rhetoric. We didn't really mean to. Well, I believe that Tibble's duty to monitor was enunciated to reach back past the statute of limitations. It clarified the duty of prudence, which is that you can't just set it and forget it. You can't set up your investment options and then walk away. Do you or do you not have a viable duty to monitor claim? It was certainly pled. Sure. Well, wait. Your answer to one of my colleagues was, well, it was rhetoric. It's the duty of prudence. The duty of prudence includes the duty to monitor. I think that Tibble just clarified that. So you want to withdraw your point about it was mere rhetoric, correct? I guess I misspoke there. I'm speaking off. But you are not arguing it on appeal. I didn't see any argument about Tibble in your brief. I didn't know that I had to, considering that we're only talking about a breach of the duty of prudence, which I think includes the duty to monitor. I don't know how you separate them. Well, maybe we're looking at this in a different way. If you did have a separate Tibble claim, which the district judge rejected as an alternative argument, you have not appealed that. Is that not the case? I don't know, quite honestly. I didn't know that that was pleaded. You don't even mention Tibble, do you? That's right. That's right. And so if you had a Tibble claim, or at least if the district court said, I see this as a Tibble claim and I'm rejecting it, is your position I don't have to mention Tibble when I appeal it? I just have to argue this continuing duty to monitor or maintain? That's right.  Tibble only clarified with the duty of prudence that it continued. That's my understanding of it. I guess we are a little confused here. The district court held on two alternative grounds that you failed to state a claim. Is that correct? Yes. The first was under Dudenhofer and the second was under its conception. In the district court, I thought you argued that the interpretation that was being argued on the other side was wrong, and you cited these two other cases. And so the district court said, well, even under those standards, you lose. That's right. So even though your complaint separated out these claims, as the case was tried in the district court, there was essentially only one claim? In other words, that one, you didn't need to plead special circumstances because there was a duty to monitor in any event? That's right. And is that the way you're bringing the case to us? If you'll allow me, I'm sorry. I just wanted to make sure that I was accurate. There's only one count in the complaint for breach of fiduciary duty. One count, two theories. One count, one theory. You split it out. The duty to monitor is split out in the complaint. And in the response to the motion to dismiss, it was clearly enunciated and Tipple was clearly enunciated. I am utterly perplexed with this. You clearly split out two theories. And they are different theories. They are absolutely different theories. I mean, you're relying on the Getik approach, which is different, amplifies the Supreme Court's first case. And it's the Tipple kind of theory. And you raised it. It was raised in the complaint. It was raised in the response to the motion to dismiss. What we're trying to figure out is have you raised it on appeal? I believe impliedly that I have them to the extent that my entire argument is based on the fact that they should have been paying attention to the stock price. And that's not an implied argument. You state it specifically, don't you? That's right. That's where I – that's – You've got to be careful with your words here, counsel, so we know what's before us. How do you not cite Tipple on appeal? What am I missing? I mean, we're all lawyers, and I guess we're confused. How do you not cite Tipple? I guess on – It's a Supreme Court case. Right on point. Directly on point. My understanding of the import of Tipple was to affect the statute of limitations. And because I didn't have a statute of limitations problem here, that I had to focus on due and offer. Wow. Okay. I'm saying wow because it's very perplexing because the theory that you're resting on is just laid out in Tipple. The briefs in Tipple to the Supreme Court lay out the duty to monitor with great clarity, which amplifies due and offer. It's not one – they're not one and the same theories. Well – So as you brought the case to us, your only argument is that the district court erred in dismissing your complaint on the grounds that you had failed to plead special circumstances? That's right. All right. That's right. And on the alternative ground that I had to plead that the company was no longer viable. That's – I thought that's what I was appealing from. I don't know that that changed – the judge didn't apply the right standard. I would like to talk about that if you have any questions about whether that's – Go ahead. Go ahead. I'm into my rebuttal time now. All right. If you'd like to say that, that's fine, too. I would. All right. Mr. Hacker? Good morning, Your Honors. Good morning. May it please the Court, John Hacker for Evercore. However one might read the complaint or the briefs below, I think at this point three things are dispositive of the question of a separate claim for duty to monitor. One, if you look in the point headings and throughout the brief on appeal, no such argument is made. If you look at the table of contents – There are some arguments that embrace it. I did go back because I was perplexed about what was happening here. There are arguments in both the first brief and the reply brief that embrace the notion of duty to monitor. I would submit under this Court's precedence on waiver, which haven't been briefed, that you have a duty to identify and specifically argue a case and go further than just kind of refer to things. And the second point I was going to make I think supports that, which as Your Honor pointed out, the table of authorities doesn't cite TIBL, which I think just underscores the proposition that they're not making a TIBL-based continuing duty to monitor argument. And the third thing is I think it's been clarified this morning. Well, at least I think Gettick embraces that theory. I think Gettick articulates a different theory, but I think the third point I was going to make – No, no, there's telling language in Gettick that you and others would like to dismiss, but it's there and it's a TIBL theory. With all respect, I don't want to dismiss anything. I will happily address any issue that's properly before this Court. I submit that the third point I was going to make, as counsel this morning has made clear, that he doesn't perceive, for whatever reason, whether it's a mistake or not, doesn't perceive a separate duty to monitor argument. It hasn't been briefed that way. If one were to brief it – so I don't think the Court needs to go further. What I would say about it, among other things, is to the extent – there, of course, is a duty to monitor, but to state a claim for brief for the duty to monitor, you have to talk about the process. You have to allege facts in the complaint that say, here's what you didn't do. You should have had more meetings. At those meetings, you should have discussed this, that, and the other thing. Well, I remember Arbo asked for a lot, but I'm not sure he asked for all of that. They certainly fled it. So let me – here's what I'd be curious to know. On appeal, there's no doubt our review was de novo, right? The motion is dismissed. Subject to waiver rules, but yes. Look, I understand that. We're looking at the same thing the district court looked at. In my view, what the district court had to say about the duty to monitor doesn't square with what the case law says. The district court simply dismissed it out of hand. I don't see how you can possibly do that under the table. It's just not viable. And it appears to me that they made the claim that here you have a situation, a fairly notorious situation. I mean, Johnson had quite a reputation. I even remember that period where, you know, he's going to bring Apple into Penny. Interesting. Everyone thought it was utterly insane, is my best recollection. And then the stock kept going down for a very long period of time. And what the complaint suggests is this kind of a situation, an obligation to monitor if there is such a thing, would certainly require a fiduciary to look at that. And all of what Tybalt cites from the authorities that they're pointing to embraces exactly that. I'm happy to engage. I just don't want to be understood as acknowledging that this is an argument. But, you know, by doing so, this is an argument properly before this court. No, I understand you're saying it wasn't raised. Right, it wasn't raised here. Let's pretend it was. I'm happy to do that. There are a number of problems, none of which have been briefed. But, first of all, Tybalt unexceptionally recognizes a duty to monitor. There's no question about that. But it wasn't a new duty. It was one that had always existed. And with respect, Your Honor, with respect to what was going on in this case, it's the same kind of thing that was going on in Dudenhofer, in Feil, in Reinhart, in Smith. Except that they were resting on the whole notion of risk and watching. That's not what these people are resting on. Well, I think it's clear that they are resting on that. That's what this is about, the problem being, with respect, Your Honor, but because their point is that there were risks, threats to the stock because they allege, in paragraph 69 of the complaint is the summary allegation, that the company's strategy, as Your Honor just said, was so likely to fail that the fiduciary should have known that and should have taken action and shouldn't have sat idly by. That's exactly what was going on in Dudenhofer, exactly what was going on in Reinhart, exactly what was going on in Feil, that there were risks to the company, threats to the company that the fiduciary should have accounted for. And what Dudenhofer says... Not that the day-to-day price was inaccurate. That's not what they're arguing. That's not the point. I mean, you'll have to explain to me what your conception of duty to monitor is. If you have a holding, which you have every reason to know if you bother to peek at the real world, you have every reason to know it's going down, unless you say in response, no, our theory is to keep buying as it goes down because our theory is it's coming back and this is good value. Now, there's no response on those terms. Now, a duty to monitor doesn't include a situation where everyone in this business understood that Johnson was somewhere strange and what was happening was exactly what any reasonable person would have assumed. It was going to tank, and it did tank. At what point it tanked... I know, but can I quarrel with the premise, if I might? The fundamental premise of the question is everybody knew. The answer, Your Honor, is that the market didn't know that because any investor in the market, everybody would have been shorting. The price would have dropped dramatically if, quote, everybody knew that it was going to continue to go down. What is the duty to monitor encompassed? The duty to monitor is a process-based absolute duty to conduct the right meetings, to look at the kinds of things a reasonable producer would look at to make a determination. And when something is tanking over many months, do you have a responsibility to take a peek and see what's going on? You may have a duty to call a meeting. There's no allegation that we didn't do that. You don't have a duty. But they know when they called, Your Honor. Wait, equal doesn't require that. That's information in your hands, not in their hands. No, I think... You don't respond by saying we called a meeting. I think, with respect, you're going to bring... This is a motion to dismiss. This is not summary judgment. Totally respect that. See, that's my problem with this. There is a duty to monitor. If there is such a thing, we don't have these cases every day. But if there is such a thing, intellectually, I can't comprehend how a case like this wouldn't fit in there somehow. You may have great responses, but it seems to me that's summary judgment. I disagree, first of all. I think you have to bring a good faith allegation that the process was not an effective one. And there's ways to get that information. But more importantly, more importantly, the problem is you can't base that kind of allegation on the proposition that you, you, the ESOP fiduciary, should have seen, predicted that market declined, that the market didn't predict, and therefore I know that your process wasn't good. No, you should have made some kind of inquiry. You should have done something in response to what was before you. But there's no allegation that there was no inquiry made. As we've heard this morning, the argument is there was a failure to respond by not stopping access to the stock, not liquidating the stock, which is verbatim the same. This case is a Dudenhofer case. They are alleging exactly what was alleged in Dudenhofer, which is that the fiduciary should not have sat idly by. What you're saying to me is there's no such thing as a duty to monitor. See, that's the problem with your argument. I was trying to figure that out as a regular reason. I don't know where you put duty to monitor. Again, this looks like, I'm not someone who does this every day, but we all got brains up here and we're all wondering how this can not be in the category of duty to monitor on a motion to dismiss. Because you have to bring any motion, including a claim under ERISA for breaching the duty to monitor under Iqbal, under Twombly, has to allege facts, concrete facts, which, if true, would establish a breach. No facts are alleged here. I hate to be arguing about this argument that was made. The facts that were alleged, you had a market that just tumbled for two years. Two years, is that right?  That's a big, big period of time, right? Right. And dramatic. Eighty-four percent? Some large amount. Huge amount. The duty to monitor, it would seem to me, I can allege that, and you've got to respond. Obviously nothing was done. That's in the complaint. And nothing was done. If you say something was done, you can say that in response and get yourself a summary judgment and then see how it plays out. I don't see why under Iqbal or anything else I have to assert anything more in a complaint. I'm still in play. You may get me out of play quickly, but you didn't do anything. I think that shows why this Court shouldn't get into the business of addressing arguments that haven't been developed, because this whole issue has not been briefed, the extent to which they haven't been briefed. No, no, no, no. What we're looking at, if I could say, is the complaint. Look at paragraphs 53 and 54. All right? It alleges a failure to engage in proper monitoring, and 54 is an allegation of failing to have in place rudimentary tripwires, etc. Well, those are two separate points, for sure. Tripwires is a substantive point about how they should have gotten out of the stock they had a duty to because it was imprudent. Why was it imprudent? You have to look at the rest of the complaint. No, I know, but all I'm getting at is it seems to be very much along the lines of Judge Edwards is saying that just reading the plain language of the complaint, under a big heading about breaches of fiduciary duty, there were two theories, and they identify them in these two paragraphs. With respect, if this had been briefed, what I would have written to you in a brief is— No, I don't mean briefed. I mean alleged. No, I understand. I'm saying why this is not before this court, because what I would have said to you in a brief, had they made anything like the argument I'm hearing this morning, is look at the first three words of paragraph 53, as a result. So that's what—it's not a separate point. They're saying as a result there's a breach of duty to monitor. Paragraph 52, the key allegation there is, stopping plan participants from continued investment in company stock and or terminating the company stock fund from the plan by liquidating the plan's position was the only prudent course at the beginning of the class period. Let me just be clear, so I understand your point. I think I do understand your point, the way you're arguing it in terms of forfeiture. But the point Judge Edwards was making, I thought, was this is de novo review. So we're sitting basically as the district court, and we're reading the complaint. And could we say that it has to be dismissed for failure to state a claim? I can't speak for the judge, but that's my understanding of what he was getting at. And you want to argue the other point, and we're back at just reading the complaint. If I may, two points. Add this in your answer, because you seem to be forgetting it. Tibble explicitly says a trustee has a continuing duty to monitor trust investments and remove imprudent ones. And you're fighting that, but that's what Tibble says. A duty to remove, keep looking, and then remove imprudent investments. With all due respect, Your Honor, If this wasn't an imprudent investment, I can't imagine what is. And that is my point, and I'll get to exactly why. The whole point of the duty to monitor and remove is the key here, because removal is what's going on. Let me start, if I may, with the point about de novo review, because it's so critical. The fact that it's de novo review doesn't authorize this court to decide any issue. It reviews based on what is presented to it, what's been briefed, what's been argued. No, what's in the complaint? What's in the complaint? De novo means we're doing the same thing. Look, you've got to understand, we're doing the same thing the district court does. It's just that the district court wasn't there. We're now looking at the complaint. That's what we do. Forget your forfeiture argument. That's what we do. They clearly raised the duty to monitor. The district court blew it off. I happen to disagree, facially so far, on the district court's handling of it in light of my reading in Tivoli. That's what I'm thinking about when I look at the complaint. I'm looking at the complaint, Your Honor, which is my second point, which is the complaint. If you look at paragraph 52, you have to read the complaint for what it says. Paragraph 52 tells you their objection. The thing they don't like, that they're upset about, that they want a court to give relief for, is the failure to terminate access to the stock and to liquidate the stock. As a result, they say, there was a failure to monitor. The failure to monitor follows from the substantive failure to remove, Your Honor. But counsel, even in paragraph 52, the allegation is it is not plausible that a prudent fiduciary would have done what Evertor Trust did here, absolutely nothing. And then the next thing, in paragraph 53, as a result. So I don't see those two paragraphs as somehow not. I understand. The absolutely nothing is exactly what the court said in Dudenhofer. That was the allegation in Dudenhofer. They did nothing, as all of these things. Your Honor, Judge Edwards, it was exactly the same in Dudenhofer. You could throw up your hands and say, are you kidding me? Third was facing a subprime lending crisis that everybody knows was going to destroy that bank. Lehman Brothers, in file, was facing a financial crisis, about to destroy the company. GM was facing a financial crisis. You still haven't answered the question that I'm really curious to hear. What does the duty to monitor cover? The duty to monitor covers, it's a process-based claim about what it is a fiduciary is supposed to do in the course of monitoring. It's what it says, monitoring the stock. How do you do that? What indicators do you look at? What criteria are applicable? To monitor and remove. And then remove, exactly. It's a two-part point, and Dudenhofer speaks to the removal point. You do not have a duty to remove if the stock, based on an allegation, that you should have realized outguessed the market. After monitoring, at the end of that process, you should have outguessed the market and said, I think it's going to decline. This is my claim about outguessing the market. The market is giving very clear evidence of what's going on. Not for the future, Your Honor. It's not. No, I mean over a period of time. I agree with you if we were talking about in one week, Johnson put in a plan and their claim was as soon as Johnson put in that plan, the trustee had an obligation to get out of the stock. No, that's not what they're claiming. They're saying Johnson put in a plan and everyone had reason to think it was going to be a disaster, and then sure enough, week by week by week, over two years, the disaster appeared. At some point, their claim is the duty to monitor said, what are you doing? It's the duty to remove they're talking about at this point, and what Dudenhofer answers that. First monitor and then remove. Now, if they looked and had meetings and said, no, no, let's write it down, that's different. It seems to me then you have a very compelling argument, but you haven't said anything. But focusing on the duty to remove, there's no such thing as let's write it down. You don't know if it's going to go down. The market is telling you it's not going to go down. Otherwise, it would already be down. That's the whole point of Dudenhofer. That's the official market. I may not do this every day, but that makes no sense, what you just said. The market's not telling you anything other than yesterday it was 10% higher, today it's 10% lower, and then you keep looking, and the next day it's 10% more. And how long do you keep looking unless you have a strategy to buy down? All I can say, Your Honor, is that the fundamental premise of Dudenhofer is that the market does reflect, internalizes all of the available information about threats to the company, and is that decline going to continue? On a given day, it's as likely it's going to go up the next day. You want to take what I'm saying, you want to take on a given day, and what I'm saying is I thought that the duty to monitor talks about a longer period of time. But then the duty to remove is at the end of your monitoring process, whatever criteria you're applying and procedures are in place, you then violate the duty to remove. And what they're saying is you didn't do any of that, and you didn't respond. They didn't have no – You didn't move on a motion to dismiss, and I don't know how you can. Your Honor, they have no allegation of a procedural flaw in the process. He disclaimed it this morning. They don't have any problem with that. Their problem is that we didn't outcast the market. You didn't acknowledge that. Then I apologize. I thought in disclaiming any duty to monitor claim – It was hyperbole, right? Well, he said it's rhetoric. But what he said was he doesn't have a duty to monitor claim that's distinct from the failure to remove. And Dudenhofer tells you the circumstances under which you have a duty to remove. Thank you. Let me ask you if we're sitting as the district court, and I ask Mr. Overs, are you making a claim under TIBL, and he tells me no, do I then say, well, I think you do, and I'm going to go ahead and rule on that? I mean, I couldn't agree more, Your Honor. District courts and appellate courts are bound by what's argued before them, and this argument has not been raised before this court. All right. Thank you. There's Mr. Overs. He has about four minutes. Okay. I think that Your Honor has already pointed out the main factual allegations that we had regarding a duty to monitor. We did plead that. My understanding is that the damages would be measured by the duty to remove, by when they would remove it, exactly what Judge Edwards said, when would that happen. Of course, none of our allegations, well, not none of them, but the gist of the complaint is that, as Judge Edwards said, over a long period of time, including before the class period, you saw the performance of the stock price. Now, it's not that you have to guess what's going to happen in the future. It's that, at some point, you look at the price performance. You have some stock investment discipline in place, and you cut your losses, stop the bleeding at some point. That's really what we were trying to plead here. Again, my understanding is that the duty of prudence includes the duty to monitor. That's why we pled that one claim. We were trying to address what we thought was the main problem with the court below, which was the improper application of special circumstances. We believe that our claim is viable for all the reasons that Judge Edwards just said. All right. Thank you. Thank you. Call the next case.
judges: Henderson, Rogers, Edwards